Good morning. May it please the Court, my name is Judith Goodman, and I represent Petitioner Diego Barragan. In this case, the immigration judge violated Petitioner's right to due process of law and made an error of law by inappropriately relying on matter of IJ, the BIA precedent decision, in denying hardship. By relying on IJ, the judge never reached an evaluation of the case on its merits. Kagan. Let me assume you said matter of curiosity. Is it your position that every time a judge incorrectly applies precedent that it's a due process violation?  Barragan-Vasquez. No, no, no. Kagan. So what makes this one a due process violation? Barragan-Vasquez. Well, what makes this one a due process violation is that he applied a policy, which was contained in this case law, that imposed a threshold evidentiary requirement. And because the he felt the Petitioner couldn't meet this threshold, he never got, he never reached an evaluation of the case on its merits, and that denies due process. Actually, as I read it, it was kind of the opposite. I mean, he actually made all of his findings, and then he said, and by the way, by analogy, there's nothing here to show that anyone on with the IJ analysis. Well, this is the way I read his reasoning. Okay. This is what I think he was saying. The mother is here illegally. And so although I believe she intends to stay here forever, she may be deported, and so that makes this plan suspect. Now, the mother cannot support the child. She says the child is going to go on welfare. The father cannot support the child from Mexico. And so Petitioner has not come into this Court with this affidavit, this IJ, and he has made reasonable provisions for the child's support. And therefore, under matter of IJ, I cannot give this plan credence, and I cannot evaluate hardship under this plan, and so you lose. See, he didn't reach the merits of hardship. He denied it right at the threshold, and I think that's what the due process violation was. Thank you. And this just basic misunderstanding of IJ where it doesn't apply here, where the plan was genuine, it was just unfortunate, caused several legal errors as well as you go through what the judge did. First of all, the judge requires an affidavit. Well, that's taking IJ out of context, because IJ was decided at the motion-to-reopen level, where affidavits are appropriate and necessary. And this Court extended IJ to the hearing level in Parrots v. INS and said similar evidence is required. So it's – I think this panel would agree that no special affidavit can be required of a person who is testifying at his own removal hearing, where the judge is right there, available, and the judges are always active in questioning the Petitioner. And also, if the judge was concerned about affidavit from the other parent, the mother submitted an affidavit. It's right there in the record. So the – I feel the Petitioner was blindsided after close of testimony with the judge saying, you didn't come in with an affidavit, when he could have just asked anything he was concerned about directly of the Petitioner. And then going beyond the form, that's the form of the evidence. That was a mistake. Now, what about the content of what the judge was looking for? Well, the judge seemed to be very concerned that Petitioner hadn't made reasonable provisions for the child support. And it's – that's also taken out of context from IJ, because IJ speaks of reasonable provisions, such as staying with a relative or in a boarding school. And that's just to – to bolster the credibility of this plan doesn't mean the child needs to be able to prove she can, you know, maintain a middle-class lifestyle before he can – before the judge can evaluate hardship. I mean, in fact, the fact that the Petitioner couldn't provide proof that he could reasonably support his child from Mexico, that was a hardship factor. That wasn't a bar to him being able to even show hardship. And so this – this all – all these errors were caused by the judge's basic misunderstanding of IJ and Paris trying to apply it to a case where it didn't belong. And then there's – there's even more. He – he – he says significant weight. I cannot give significant weight to this plan. Well, that's also a misunderstanding of IJ, because in IJ, Paris, and in this Court's Cerrillo-Perez decision, they all involved alternative plans. Here, Petitioner is only presenting one plan. And when the judge says, I can't give – the Court will not give significant weight to this claim of hardship. He's only talking about this one plan. And if he's not going to give significant weight to this one and only plan, it's the same as just giving no weight at all. So there was – there was no weighing going on. There was no analysis of – of the child – how the child would fare under this – this plan. Counsel, at some point, would you give some consideration to the 10-year continuous presence issue? Yes, I'd be happy to. Our position is that the judge's method of evaluating the evidence was – was completely at odds with his credibility finding. And that's – and that's why his conclusion is not supported by substantial evidence. Why is that? Because one can be totally credible and still be totally unreliable. Exactly. Exactly. I see that as – That's what the IJ said. Exactly. I see that as – you could look at that as two credibility findings. On one hand, Petitioner is – is credible, which means to me that he's truthful. Well, then he was truthful when he said that he came in February of 1989. He was truthful when he said he came in October of 1989. He was truthful when he said – when he said he came in August. And he was truthful when he said he settled – he came sometime in 1988. And he was truthful when he said, geez, I just don't know when I came. He didn't know when he came. He didn't know when he came. Well, I mean, the point being it's not two credibility findings, because otherwise what I just went through, which is admittedly kind of silly, would be accurate. So what the judge did was to say, look, I believe that he's sincere. I – you know, I believe the guy. But there is no reliable indication that he has been here for 10 years for the reasons I just went through. So why is a – why is a reasonable judge compelled to find otherwise? Because his credibility finding was – should have been put on one side. And his finding that the petitioner – petitioner's memory of his date of entry should have put – been put on this side. He excused the petitioner's faulty memory because of his age at the – his youth at the date of his entry. He's only 14. And because of the passage of time. And then the judge has two – two pieces of evidence, really. He has the letter. And that's supported by the credible authentication by the petitioner. Well, the only authentication was that he got the letter when he went to see his aunt a few days before the hearing. Right. That's the authentication. There's no authentication of the date. Or that it's his aunt's letter, I mean, for that matter. But let's assume it is. He – he authenticates it by authenticating the handwriting. He tells about the circumstances in which he received the letter. He says, I recognize this letter. It's got the date on it. And if he's a truthful person – It's a different – a different script or a different imprint than the letter. And the envelope doesn't help because we don't tie it to the letter, do we? But isn't it the greater problem that there was alternative evidence available not presented and relatives who were here in the United States lawfully who could have supported his statements? They – they may have been able to, but it's not in the record. The record doesn't – that he had relatives, is what I'm saying. It's in the record that he had relatives who were lawful resident – permanent residents, actually. Right. He had his sister Maria, who was living in Delaware. There's nothing in the record that says – that explains why – why that wasn't presented. I don't know. Would you like to save a little time for rebuttal? Okay. Thank you. Ms. Paddock. Thank you. Stacey Paddock on behalf of the Respondent Attorney General. It's the government's position that the Court lacks jurisdiction over Petitioner's the agency's subjective discretionary finding that Petitioner failed to demonstrate the requisite level of exceptional and extremely unusual hardship to meet the burden of proving eligibility for cancellation of removal. In addition, because they have failed to raise a colorable constitutional claim. In this case, the immigration judge took testimony, reviewed what little evidence was presented related to Petitioner's hardship claim as well as physical presence claim. The immigration judge heard the testimony and actually addressed in his decision that Petitioner's United States citizen daughter is a healthy, happy child, no emotional issues, no psychological issues. That's not the question, though. The question is whether or not the qualifying relative would suffer extreme hardship should the parent be deported. And he didn't really make that finding because he never got there because there was no affidavit. So the due process claim is that she didn't have, I think it would be, that she didn't have, he didn't have the full and fair hearing. Or even a ruling on the extreme hardship, given the factual circumstances that were presented to the IJ at the hearing. Actually, Your Honor, government respectfully disagrees. Beginning on page 50 of the administrative record, which is the immigration judge's decision, the second half of the decision, beginning on page 50, discusses the hardship finding. Prior to that, in the immigration judge's decision, the immigration judge discusses or relates Petitioner's testimony as it would develop towards a hardship finding. The immigration judge, the hardship finding encompasses many different factors. And how those factors equate to or could equate to exceptional and Petitioner's removal to Mexico. Included in that is the health of the child. If the child had serious health considerations, that would be one of several factors to consider if Petitioner was removed. How, what the effect would be on the level of hardship to that qualifying relative. Here the immigration judge discusses there are no health issues. Looks to, and before page 50 in his decision, discusses that there are family members in the United States. And at page 100 of the record, which is the transcript, there's great discussion of the 12 different family members residing in the United States. I believe only three of them are in a lawful status. As well as a declaration by Petitioner in evidence discussing those relatives, their connections to the family, their proximity to the family. Yeah, yeah, and you're discussing it. But what he actually, he says it appears to have no relation to what evidence is before him. The evidence that's before him is that he's going to leave and the daughter's going to stay with the wife who is of uncertain status, right? Then the IJ says, the court notes that when qualifying relatives remain in the United States and a separation therefore occurs from their parents as to the removal. So he's assuming both parents are gone, right? I don't believe that he's assuming. He, the immigration judge clearly discusses that the wife would remain. Well, he does. But here he's saying, and a separation therefore occurs from their parents as to the removal. Well, I think that's a typo, as to their removal. That claim will not be given significant weight absent an affidavit from the parent stating that it's his intention that the child remain in the country accompanied by evidence. And this is credible and competent objective evidence demonstrating that reasonable provisions will be made with the qualifying relative's care and support. And then he cites matter of IJ. And then he cites Perez. This is a valid evidentiary requirement. And then he notes that the respondent didn't file the IJ affidavit. And says that, he notes that in cancellation there's an even higher standard. And so then he says, therefore, he hasn't met his evidentiary burden of proof. But the problem is IJ doesn't apply here. Because, as you said, the daughter's staying with the mother. I believe the immigration judge was looking into the future because of the wife's uncertain status. And the wife's declaration that if she were to remain here with the daughter, she could not provide for her welfare. And the fact that petitioner testified that if he were removed, the wife and daughter would stay and would have to rely on the family to help. The family could help the daughter, wouldn't be able to help the wife. This is all speculative, isn't it? I mean, how do we know that the mother would be deported and that the daughter would be here? I mean, it's just all speculative. That's not the record that's before him. The problem is, Your Honor, is petitioner did not meet his burden of proving a lot of issues in this case. Mainly related to the hardship, he didn't provide anything related to any provisions if he were to leave. He did not look into economic opportunities in Mexico. But I feel like that's the point. He's saying it's going to be a huge hardship because, you know, I don't know what's out there for me. But that's – and this Court has held that that is a common issue for anyone that is removed, economic hardship. It's whether – And that's not the thing. The thing is really the hardship to the child. Correct. Petitioner has a duty to provide evidence to the Court related to any opportunities. If he – they have assets in this country that could be sold, the immigration judge, and there was testimony related to that. They are partners in a home, partners in a business, have equipment that can be sold to provide for the care of the child. None of this was discussed by Petitioner. Would you consider that it does raise to a level of due process if the immigration judge requires, for purposes of proof, an affidavit or declaration? Absolutely not, Your Honor, because in this instance, and related to E.G. however it's pronounced, and Perez, E.G., the board handed down in 94. Perez was handed down in 96. This case took place in 2002. Petitioner was represented by counsel throughout every proceeding. There is – every part of the Immigration and Nationality Act related to benefits requires affidavits, evidence, all sorts of support. The fact that there was – there's allegedly a claim that they were not on notice, that they would have to provide any sort of affidavit related to the care, financial support, plans for the child if Petitioner was removed, does not conform with basic tenets of judicial precedent. Let me ask it this way. Let's assume that a declaration is sufficient for an affidavit. Let's assume that testimony under oath is sufficient for a declaration. In fact, it should be better than a declaration because it's dynamic. Would it be a violation of due process to consider that a particular form of proof, namely an affidavit, is required when, indeed, you have someone there willing to swear under oath and testify? In this case, Your Honor, I believe I see where you're going. That's not the situation here. I'm just asking whether as a matter of law. As a matter of law, if it is the jurisprudence in the circuit to allow testimony or a declaration in place of an actual affidavit, then that should suffice. In this case, Petitioner testified that he thought perhaps the child could live with a brother, Angel, who is not a lawful permanent resident, and the sister, Angela, but there's problems with it because she has two kids in the house and he watches the other kids. There's problems. There's all sorts of expenses related to it. So although Petitioner stated that perhaps the individuals in the family could take care of the daughter in his absence because his wife can't handle it alone, he did not provide the agency with any clear determination that actually any provisions had been made and left with uncertainty and no evidence upon which to rely. He's trying to establish hardship. Correct. Petitioner. Your Honor, I'm out of time. Can I continue? Yes. Petitioner had a duty to demonstrate if it's a hardship and there is no one that can help, then he had a duty to say so. He said that, yes, he has 12 family members here. Yes, his wife is going to stay, but there's problems and issues with all of those people. In addition, E.G. and Perez, as set down by this Court, states that many times in the past, litigants have thrown out the familial separation card as a form to prove the hardship without any teeth associated with it. And as a baseline, Petitioner would need to provide a little bit of evidence that. . . Correct. And in this case, both parents weren't leaving. Both parents weren't leaving. However, the immigration judge, the fact that the wife is not a lawful permanent resident, which in the other cases. . . We don't know anything about that. We know nothing about her circumstances. It's entirely speculative. For all we know, Congress is going to pass the legislation and she'll get to stay. And we don't know, right? We do not know, sitting here, what's going to happen with the wife. We don't know what's going to happen to her. Neither did the I.J. Correct. But there are declarations in evidence which discuss what the I.J. relied on, the fact that she can't support herself and that there are relatives that can provide. I think that answers my question, so. . . Okay. Now you're over. Can I conclude? Well, your time really has expired. Thank you. Thank you. Ms. Goodman, to equalize the time, we'll give you a couple minutes for rebuttal. Okay. I just wanted to address jurisdiction. Obviously, I didn't get to the question of law. We talked about due process. I'd like to bring to the Court's attention a U.S. Supreme Court decision which I think is on point. It's Accardi v. Shaughnessy. It's 347 U.S. 260. And this is from 1954. And it supports our position that we raise a question of law. Accardi, like our case, involved a policy which restricted the BIA's exercise of discretion in suspension of deportation cases. And the Supreme Court found it had jurisdiction on habeas there  And the Supreme Court has also stated, there is a strong tradition in habeas corpus law that subjects the legally erroneous failure to exercise discretion, which is what we have here, unlike a substantively unwise exercise of discretion to inquiry on the writ. And, of course, the Real ID Act of 2005 has conferred on this Court jurisdiction to directly review the same type of questions that are historically reviewable on habeas, that is, questions of law and constitutional claims. And since our case involves a policy found in matter of age and approved of by this Court in Paris that said, when you can fail to exercise discretion in a hardship scenario, and we're saying that that was legally erroneous, then this Court has jurisdiction over that issue. All right. Thank you, Ms. Goodwin. Thank you. This matter just argued will be submitted.
judges: Rymer, Wardlaw, Ware